```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    SOUTHERN DIVISION at PIKEVILLE
```

| | |
|---|---|
| MAXIE MULLINS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of Social )<br>Security, )<br>)<br>    Defendant. | Civil Case No. 16-cv-85-JMH<br><br>**MEMORANDUM OPINION & ORDER** |

\*\*\*

This matter is before the Court upon the cross-motions for summary judgment of the parties with respect to the decision of the ALJ on reconsideration of Plaintiff's application for benefits [DE 34, 35; Responses at DE 36, 37.] In addition to briefing on these motions, the Court has had the benefit of oral argument by the parties during a telephonic hearing on February 21, 2017. Thus, these motions are ripe for decision.

When reviewing a decision made by the ALJ, the Court may not "'try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility.'" *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). "The ALJ's findings are conclusive as long as they are supported by substantial evidence." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348,

353 (6th Cir. 2001) (citations omitted). Substantial evidence "means such relevant evidence as a reasonable mind might accept." *Id*. at 353 (quoting *Kirk v Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)).

In this instance, Plaintiff argues that the ALJ's findings were not supported by substantial evidence at either the second or the fifth and final step of the five step sequential analysis under which claims are considered. "At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled." In the fifth step, "[i]f the claimant cannot do any work [s]he did in the past because of a severe impairment, then the [Commissioner] considers h[er] residual functional capacity, age, education, and past work experience to see if [s]he can do other work. If [s]he cannot, the claimant is disabled." *Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994)(citing 20 C.F.R. § 404.1520(1982)).

During the hearing on this matter, Plaintiff narrowly argued that the substantial evidence of record does not support the ALJ's conclusion that the impairments related to Plaintiff's large rectocele condition and complaints of pelvic pressure did

2

not meet the one year durational requirement set forth in 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement."). She argues that, had the ALJ concluded that her impairments related to incontinence and leakage met the durational requirement for impairments and, thus, taken her need for frequent bathroom breaks into account while crafting a residual functional capacity, there would not have been work that she could do in response to a properly framed hypothetical question.

The durational requirement begins from the onset of disability. During her hearing before the ALJ upon reconsideration, Plaintiff testified that she was experiencing leakage from her bladder and bowels on May 31, 2006. There is evidence in the record that she complained to her physician of pelvic pressure and leaking in January 2007, was diagnosed with the large rectocele condition, and then had surgery to treat the rectal wall herniation in March 2007. According to the medical evidence of record, the surgery was successful, but she then presented to Dr. Oon Leedhanachoke in November and December of 2007 with further, unspecified complaints related to her colon, at which time she complained of ten years of bowel problems on a patient questionnaire, *see* AR 426-27. She testified during the

hearing on reconsideration that she had experienced at least five years of bowel incontinence and ten to fifteen years of bladder leakage prior to the time of her surgery, *see* AR 45-48.

Plaintiff points to no evidence of record concerning medical care or diagnoses arising from her long term bowel and bladder condition or which ties her long term complaints of bowel incontinence and bladder leakage to a particular medically determinable condition or diagnoses for the period in question. As for the large rectocele issue, the ALJ did determine that it was an impairment but that there was no medical evidence that it lasted at least a year in light of the fact that the first medical records concerning the issue are dated January 2007. The ALJ wrote that he did "not see evidence in the record of a medically determinable impairment related to [Plaintiff's] allegation" concerning bowel and bladder incontinence necessitating plaintiff's unscheduled bathroom breaks eight to ten times per eight-hour time period and that, therefore, it did not qualify under step 3. Further, while Mullins' has offered testimony and points to her own self-reports of a ten year history of bowel and bladder issues, the Court cannot say that the ALJ erred in reaching the conclusion that there is a lack of evidence of "medically determinable" impairment on account of her bowel and bladder issues.

4

As for her argument that the ALJ failed to adequately consider limitations warranted by her knee condition following a meniscus tear and surgery to repair the issue in March 2006 and her bowel and bladder leakage during that period in determining her residual functional capacity, she relies on a broad reference to a swathe of evidence which is, for the most part, significantly remote in time from the period at issue, including treatment records dated from the early 1980s through 2015. These records do include those related to her rectocele and urethral conditions and repairs in March 2007, her MRI scans and treatment records related to right knee pain leading up to her March 2006 surgery, and four undetailed complaints of knee pain during the period immediately preceding and during the relevant period, from December 12, 2005 through September 11, 2007 [AR at 923-5, 927], but the Court declines to put meat on the bones of her argument by scouring these records to find something which she has not specified to support her general argument that the ALJ's position concerning limitations arising out of these conditions during the relevant period was unsupported by evidence of record.

There is no dispute that the relevant twelve month period began in May 2006, and substantial evidence of record supports the ALJ's conclusion that there was not "evidence in the record of a medically determinable impairment related to [Plaintiff's]

5

allegation" and that her claim of disability due to this condition did not meet the twelve-month durational requirement. Further, Plaintiff has failed to persuade the Court that the record supports limitations due to knee and bowel/bladder issues which extend beyond those provided for in his decision. Thus, having carefully considered the briefing and arguments of counsel and having reviewed the Administrative Transcript, the Court concludes that the decision of the Acting Commissioner is supported by substantial evidence, that Plaintiff's motion for summary judgment will be denied, and that Defendant's motion for summary judgment will be granted.

Accordingly, **IT IS ORDERED**:

(1) That Plaintiff's Motion for Summary Judgment [DE 35] is **DENIED**;

(2) That the Acting Commissioner's Motion for Summary Judgment [DE 34] is **GRANTED.**

This the 16th day of March, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

6